IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BRAZELTON,<br>       Plaintiff | :<br>:<br>: |
| v. | :   CIVIL NO. 4:10-CV-1223 |
| RONNIE R. HOLT, and C.O. ORNER,<br>       Defendants | :<br>:<br>: |

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *Bivens* action[1] filed by the pro se plaintiff, Stephen Brazelton, an inmate at USP-Canaan, Waymart, Pennsylvania. The suit arises from an injury Plaintiff suffered to the ring finger and little finger of his left hand when defendant, C.O. Orner, attempted to close Plaintiff's cell door for an inmate count, resulting in swelling and bruising of the fingers. The other defendant is Ronnie R. Holt, the prison's warden.

We are considering the report and recommendation of the magistrate judge, recommending that: (1) Plaintiff's motion for sanctions based on alleged spoliation of evidence be denied; (2) Defendants' motion to dismiss be granted as to defendant Holt; and (3) Defendants' motion for summary judgment be granted as to defendant Orner.

Plaintiff has filed objections to the report. Since objections were filed, the court must "make a *de novo* determination of those portions of the report or specified

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c). In regard to Plaintiff's motion, Plaintiff's objection is that the magistrate judge erred in not granting Plaintiff summary judgment on the basis that six videotapes of the incident were deliberately destroyed by Defendants. In regard to Defendant's motion for summary judgment, Plaintiffs objections are: (1) Plaintiff did in fact cite to portions of the record so that the magistrate judge erred in accepting Defendants' statement of material facts on summary judgment; (2) Orner and the prison medical staff have minimized the extent of Plaintiff's injury as his fingers were crushed and his fingers, wrist and hand were dripping blood; and (3) Orner was deliberately indifferent because he did not follow the procedure for taking a count, did not check that the door and casing were clear, deliberately rushed, and was indifferent to Plaintiff's person.

In regard to Plaintiff's motion for sanctions, we have reviewed the parties' briefs and submissions, and we agree with the magistrate judge's analysis as to why Plaintiff is not entitled to entry of judgment in his favor on this motion. In regard to Plaintiff's motion for summary judgment, we must agree with the magistrate judge that Plaintiff failed to cite to the record and hence it was proper to accept Defendants' statement of material fact, including facts based on his medical records as to the extent of Plaintiff's injury. Additionally, we cannot accept Plaintiff's contention that Orner was deliberately indifferent. As the magistrate judge's citation to the record shows, Plaintiff testified at his deposition that Orner's conduct was not intentional, that he was simply not

paying attention while closing the cell door.  (Doc. 94, Report at pp. 25-27).[2]  This defeats the requirement of deliberate indifference for an Eighth Amendment claim, as set forth in the report.

Accordingly, this 29th day of September, 2011, upon consideration of the report (doc. 94) of the magistrate judge, filed August 4, 2011, the objections (doc. 96) that were filed, and upon independent review of the record, it is ordered that:

    1.  The magistrate judge's report is adopted.[3]

    2.  Plaintiff's motion (Doc. 29) for sanctions is denied.

    3.  Defendants' motion to dismiss and for summary judgment (Doc. 78) is granted.

    4.  This action is dismissed as against defendant Holt.

    5.  The Clerk of Court shall enter judgment in favor of defendant Orner and against Plaintiff

    6.  The Clerk of Court shall close this file.

                                 /s/ William W. Caldwell  
                                   William W. Caldwell  
                                   United States District Judge

---

[2]  Plaintiff's penalty-of-perjury declaration (Doc. 89) is to the same effect.

[3]  However, we decline to adopt that part of the report which equates a *Bivens* action with an action under 42 U.S.C. § 1983 by inserting into section 1983 language extending liability to the federal government.  (See Doc. 94, report at pp. 12-13).